IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AARON LAMON MUSE, #1613149 | § § § | |
| *Petitioner,* | § § | Civil Action No. 6:13cv350 |
| v. | § § | |
| DIRECTOR, TDCJ-CID | § § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Aaron Lamon Muse, an inmate confined in the Eastham Unit of the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). The Magistrate Judge previously ordered stricken a 668-page memorandum of law, which Petitioner challenged via a motion pursuant to Fed. R. Civ. P. 72(a). This Court upheld the Magistrate Judge's ruling. Petitioner subsequently filed a 312-page Traverse to the Director's Answer in this case. Along with it, he filed a Motion for Leave to File Additional Pages Exceeding the Page Limitations and/or to File Exhibits Supporting His Responsive Pleading. In a carefully-reasoned and explained Order, the Magistrate Judge denied the motion and ordered the 312-page Traverse stricken, again as an exceedingly over-length and off-point pleading in which any valid points "are helplessly buried in a pleading that does not in any way follow either the District's Local Rules or this Court's prior Order to Strike." Order (docket entry #47) at 4.

Petitioner has filed a *Pro Se* Motion for Leave to Object to the Court's Order to Strike (docket entry #50), which the Court construes as another objection to the Magistrate Judge's recent Order pursuant to Fed. R. Civ. P. 72(a). As the Court stated in its last such review,

1

> Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). "This Court may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law." *See Atel Maritime Investors, LP v. Sea Mar Management, LLC*, 2010 WL 2654440, at *1 (E.D. La. June 25, 2010) (citing Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995)). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 946 (1948).

Memorandum Opinion and Order (docket entry #24) at 1-2. As before, objections pursuant to Rule 72(a) must be made within 14 days from the objectionable order. The Court notes that Petitioner begins his objections by arguing that the Magistrate Judge did not include a warning pursuant to *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) in her Order and contends that he was due such notice of a 14-day period in which to file his objections. In the first place, *Douglass* pertains to findings of fact and recommendations for disposition of cases, harmonizing with Fed. R. Civ. P. 72(b). In this District, such findings are commonly referred to as "Reports and Recommendations." The Magistrate Judge's Order was not such a Report and Recommendation, nor was it dispositive in nature. No *Douglass* warning was required. Nonetheless, Petitioner has the right to file objections within 14 days of the issuance of a non-dispositive order pursuant to Rule 72(a). His instant objections were filed within that time limit.

Next, he contends that the Magistrate Judge did not view his Traverse and Motion with sufficiently liberal scrutiny as due a *pro se* litigant. He is incorrect. Her Order considered the totality of Petitioner's pleadings, to the extent they could be followed, and provided an accurate and well-discussed analysis of them. It is simply inescapable that Petitioner has refused every warning to rein in his voluminous writings and either remain within the District's page limitations or make a good faith effort to do so with a motion that effectively demonstrates that good faith. In

a case such as Petitioner's, a 312-page response to a brief and succinct answer from the Director cannot be said to be in good faith.

In the remainder of Petitioner's objections, he re-states some of his arguments from the Traverse without demonstrating any reason for the exceptionally excessive filing. As the Court has stated previously, the Court has an "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)); *Guardiola v. Thaler*, 2013 WL 3003659, at *3 (5th Cir. June 18, 2013) (finding the district court did not abuse its discretion in denying a prisoner's motion to supplement the pleadings (citing *Boudwin*)). Petitioner's Traverse is abusive, as was his original memorandum of law. *Londo v. Iberia Medical Center*, 2010 WL 5559755, at *2 (W.D. La. Oct. 21, 2010) (citing *Cofield v. Ala. Pub. Serv. Comm'n.*, 936 F.2d 512, 517 (11th Cir . 1991)).

The Court finds no basis for error in the Magistrate Judge's Order. *U.S. Gypsum Co.*, 333 U.S. at 395.

It is accordingly

**ORDERED** that Petitioner's *Pro Se* Motion for Leave to Object to the Court's Order to Strike (docket entry #50), construed as a Motion for Review Pursuant to Fed. R. Civ. P. 72(a), is hereby **OVERRULED** and **DENIED**.

**It is SO ORDERED.**

**SIGNED this 4th day of August, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE